IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| BOBBY ROGERS LANE, # 278704, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 1:13cv490-WKW |
| ) | (WO) |
| KIM T. THOMAS, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This matter is before the court on a petition for writ of habeas corpus under 28 U.S.C. § 2254 filed by state inmate Bobby Rogers Lane ("Lane"). *Doc. No. 1*.

## I.   BACKGROUND

On May 11, 2011, Lane pled guilty in the Circuit Court of Houston County, Alabama, to charges of trafficking in cocaine, in violation of § 13A-12-231, Ala. Code 1975; unlawful possession of a controlled substance, in violation of § 13A-12-212, Ala. Code 1975; resisting arrest, in violation of § 13A-10-41, Ala. Code 1975; and possession of drug paraphernalia, in violation of § 13A-12-260, Ala. Code 1975.  On June 22, 2011, the trial court sentenced Lane to 25 years' imprisonment on the trafficking conviction, 2 years' imprisonment on the possession of a controlled substance conviction, 1 year of imprisonment on the resisting arrest conviction, and 1 year of imprisonment on the drug paraphernalia conviction, with the sentences ordered to run concurrently.

Before pleading guilty, Lane reserved for appellate review the trial court's denial of

his motion to suppress drug evidence seized during his arrest. *Resp'ts Ex. A - Pt. 3* at 67-68. Specifically, Lane argued that his Fourth Amendment right against unreasonable searches and seizure was violated because the search warrant issued for his residence was based on a defective affidavit that failed to include sufficient information for a judicial determination of probable cause. *Resp'ts Ex. A - Pt. 1* at 13-17; *see Resp'ts Ex. A - Pt. 3* at 67-68. Lane presented this issue on appeal (*see Resp'ts Ex. B*); the Alabama Court of Criminal Appeals issued a memorandum opinion denying relief after finding there was sufficient probable cause for issuance of the search warrant for Lane's residence. *Resp'ts Ex. D*.

Lane applied for rehearing, which the Alabama Court of Criminal Appeals overruled on February 17, 2012. *Resp'ts Exs. E & F*. He then filed a petition for writ of certiorari with the Alabama Supreme Court, which that court denied on September 7, 2012, issuing a certificate of judgment on the same day. *Resp'ts Exs. G & H*.

On July 11, 2013, Lane filed this § 2254 petition for writ of habeas corpus, asserting the same claim he pursued in the state courts, that his Fourth Amendment rights were violated because the search warrant for his residence failed to include sufficient information for a judicial determination of probable cause. *Doc. No. 1* at 3-10.

The respondents filed an answer arguing that Lane cannot prevail on the merits of his search and seizure claim under the federal habeas statute, 28 U.S.C. § 2254(d), because the state court's decision was not contrary to, or an unreasonable application of, clearly established United States Supreme Court law, and the decision was not the result of an

unreasonable determination of the facts in light of the evidence presented in the state court proceedings.  *Doc. No. 6* at 3; *see* 28 U.S.C. § 2254(d).

This court entered an order advising Lane of the constraints 28 U.S.C. § 2254(d)(1) places on federal courts to grant relief, as well as the preclusive effect of *Stone v. Powell*, 428 U.S. 465 (1976), on Fourth Amendment claims raised in habeas proceedings.  *See Doc. Nos. 12 & 19*.  The court granted Lane an opportunity to file a reply to the respondent's answer.  *Id*.  Lane filed a reply.  *Doc. No. 23*.

After reviewing the § 2254 petition, the respondents' answer, Lane's reply, the state court record, and applicable federal law, the court concludes that no evidentiary hearing is required, and the petition is due to be denied in accordance with the provisions of Rule 8(a), *Rules Governing Section 2254 Cases in United States District Courts*.

## II.  DISCUSSION

### A.  Lane's Fourth Amendment Claim and *Stone v. Powell*

Lane claims that his Fourth Amendment right against unreasonable searches and seizure was violated because the search warrant issued for his residence was based on a defective affidavit that failed to include sufficient information for a judicial determination of probable cause.  *Doc. No. 1* at 3-11.  Under *Stone v. Powell*, 428 U.S. 465, 482 (1976), "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or

3

seizure was introduced at his trial." This rule applies to all claims arising under the Fourth Amendment. *See, e.g., Cardwell v. Taylor*, 461 U.S. 571, 572 (1986) (holding that under *Stone* lower court should not have considered whether custodial statements violated Fourth Amendment, and remanding to determine if the statements were involuntary under the Fifth Amendment).

### B.   *Stone* May Be Raised *Sua Sponte*

The respondents did not raise *Stone* in their answer to Lane's petition. *See Doc. No. 11*. However, this court entered on order advising Lane of the preclusive effect of *Stone* on Fourth Amendment claims raised in habeas proceedings. *See Doc. No. 12* at 1-2; *Doc. No. 19*. Thus, this court must determine whether *Stone* precludes federal review of a Fourth Amendment claim where only the court, and not the respondents, have raised *Stone*.

In *Stone*, the Supreme Court noted:

> we hold only that a federal court need not apply the exclusionary rule on habeas review of a Fourth Amendment claim absent a showing that the state prisoner was denied an opportunity for a full and fair litigation of that claim at trial and on direct review. Our decision does not mean that the federal court lacks jurisdiction over such a claim, but only that the application of the rule is limited to cases in which there has been *both* such a showing and a Fourth Amendment violation.

*Stone*, 428 U.S. at 495 n.37 (emphasis added). The Court of Appeals for the Eleventh Circuit has not specifically addressed whether *Stone* can be waived by a Respondent, or whether it may, or must, be raised *sua sponte* by the court. *See Thompson v. McNeil*, 2010 WL 3000180, at *1 (S.D. Fla. Jul. 30, 2010) (concluding it is appropriate to consider *Stone sua*

*sponte* because no court has said it cannot consider the defense *sua sponte* and because in the Eleventh Circuit the burden is on the petitioner to prove the want of opportunity to fairly and fully litigate a Fourth Amendment claim). Other courts addressing the issue have reached differing conclusions on the issue. *E.g., Young v. Conway*, 715 F. 3d 79, 86 (2d Cir. 2013) (concurring in denial of rehearing en banc) (collecting cases and stating "a fair reading is that the weight of authority is that courts may, but are not required to, raise *Stone sua sponte*"); *Woolery v. Arvave*, 8 F.3d 1325, 1326 (9th Cir. 1993)(*Stone* applies even if state did not raise it timely); *Tart v. Massachusetts*, 949 F.2d 490, 497 n.6 (1st Cir. 1991)(noting "the discretionary authority of federal appellate courts to raise the *Stone* prohibition *sua sponte*"); *Davis v. Blackburn*, 803 F.2d 1371, 1373 (5th Cir. 1986)(denying petition for rehearing) ("Where the record clearly shows that a petitioner had a full and fair hearing in state court, we hold that a federal court is not foreclosed from *sua sponte* applying the principle of Stone."); *Wallace v. Duckworth*, 778 F.2d 1215, 1219-20 n.1 (7th Cir. 1985)(*Stone* not jurisdictional and therefore not required to be raised *sua sponte*).

In *Davis*, *supra*, the Court of Appeals for the Fifth Circuit relied on *Caver v. State of Alabama*, 537 F.2d 1333, 1336 n.2 (5th Cir. 1976), which noted that the burden is "on a petitioner to plead and prove at the federal trial level a want of opportunity fairly and fully to litigate any fourth amendment claim in the state courts." *Caver* was issued by the predecessor court of the Eleventh Circuit Court of Appeals, and it is binding precedent for this court. *See Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting

5

as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981). Because the burden is on Lane to plead and prove his lack of opportunity to litigate his Fourth Amendment claim fully and fairly, and the persuasive reasoning in *Davis*, this court concludes that it is proper for the court to invoke *Stone sua sponte*.

### C.  *Stone* Precludes Lane's Fourth Amendment Claim

*Stone* precludes federal habeas review of a Fourth Amendment claim "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim." *Stone*, 428 U.S. at 482. The Court of Appeals for the Eleventh Circuit has explained that when facts are in dispute, "full and fair consideration requires consideration by the fact-finding court, and at least the availability of meaningful appellate review by a higher state court," but when facts are not in dispute, "full and fair consideration is satisfied where the state appellate court, presented with an undisputed factual record, gives full consideration to defendants' Fourth Amendment claims." *Tukes v. Dugger*, 911 F.2d 508, 514 (11th Cir. 1990) (quotation marks and citations omitted); *see also Caver*, 577 F.2d at 1192 ("full and fair consideration of a fourth amendment claim [includes] at least one evidentiary hearing in a trial court and the availability of meaningful appellate review when there are facts in dispute, and full consideration by an appellate court when the facts are not in dispute"). The rule in *Stone* applies despite legal or factual error in the state court, and does not require a federal court to review the state court's factfinding or its application of Fourth Amendment law. *See*

*Willett v. Lockhart*, 37 F.3d 1265, 1273 (8th Cir. 1994) (holding that federal courts "are not to consider whether full and fair litigation of the claims in fact occurred in the state courts, but only whether the state provided an opportunity for such litigation").

Here, Lane was afforded an evidentiary hearing in the trial court on his motion to suppress on Fourth Amendment grounds. *Resp't Ex. A-Pt. 3* at 42-69 (transcript of suppression hearing). Following the hearing, the trial court denied Lane's motion to suppress. *Id*. at 67-69. On appeal, the Alabama Court of Criminal Appeals in its January 27, 2012, decision set out the facts in detail and indicated that its review of a decision where, as in Lane's case, the facts are undisputed is de novo. *Resp't Ex. D* at 2-6. The appellate court discussed the facts and applicable Fourth Amendment law at length before concluding:

> Applying the "totality-of-the-circumstances" test set out in [*Illinois v.*] *Gates*, [462 U.S. 213, 238 (1983)], to the instant case, we conclude there was sufficient probable cause for the issuance of the search warrant in this case. Mock [the police officer who submitted the affidavit and application for the search warrant and who testified at the suppression hearing] received information from a reliable confidential informant. Mock had worked with the informant on two or three prior occasions, both of which led to arrests, and Mock knew the informant had a strong reputation for veracity among other members of the Dothan Police Department. The basis for the informant's information was the informant's personal observation of marijuana in the house. The informant also drove with Mock to the house to show Mock the location of the house because the house displayed no numerical address. The informant also advised Mock that other drugs had been seen in the residence, including ecstacy and prescription pills. Because the affidavit was based on the personal observations of a confidential informant with a proven track record of veracity and reliability, the record reflects that there was sufficient evidence disclosed to the issuing judge to sustain the finding that probable cause existed when the search warrant was issued. Therefore the circuit court did not err when it denied Lane's motion to suppress.

*Resp'ts Ex. D* at 6. Lane then sought further review of the decision before the Alabama Supreme Court. The transcript, records, and state court decisions rejecting Lane's motion to suppress make plain that the state courts, and particularly the appellate court, fully and fairly considered the Fourth Amendment claim raised by Lane. Thus, for purposes of *Stone*, the state provided Lane a "full and fair" opportunity to litigate his Fourth Amendment claim in the state courts, and this court is precluded from reviewing the state court's Fourth Amendment determination. *See Tukes*, 911 F.2d at 514.

Consequently, Lane is not entitled to habeas relief based on his claim that his Fourth Amendment right against unreasonable searches and seizure was violated because the search warrant issued for his residence was based on a defective affidavit that failed to include sufficient information for a judicial determination of probable cause.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief under 28 U.S.C. § 2254 filed by Lane be DENIED and that this case be DISMISSED with prejudice. It is further

ORDERED that on or before July 13, 2015, the parties shall file objections to the said Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order; therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 29th day of June, 2015.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE